CRANCH, Circuit Judge, said that it could not be presumed that evidence of that kind was in the power of the plaintiffs; and that the jury might presume a power under seal from the facts proved.

[In Case No. 6,667, upon a verdict of one cent as damages, the court allowed full costs.]

## Case No. 6,667.

### HOOE et al. v. ALEXANDRIA.

[1 Cranch, C. C. 98.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

MASTER AND SERVANT — NEGLIGENCE—VERDICT—AMOUNT OF—COSTS.

1. A person who has a right to do an act, has a right to the necessary means; and if, in the use of such means, a damage be sustained by another, the former is not liable.

2. The principal is liable for the conduct of his agent while acting in his employment, although he act without or contrary to his order.

3. Full costs are allowed upon a verdict of one cent damages in an action upon the case for damages occasioned by raising the level of the street.

Action on the case [by Hooe and Harrison] for filling up the street so as to shut up the windows and doors of the plaintiffs' warehouses.

Mr. Simms and Mr. Swann, for plaintiffs, moved the court to instruct the jury, "that if it shall be their opinion that Faw was street commissioner for the corporation of Alexandria at the time when the injury was done, and was then in the actual employment of the corporation, then the corporation are liable for his conduct while in their actual employment as aforesaid, although in the execution of the said employment he should go beyond their express orders," and that if, in raising the street, any damage accrued to the plaintiffs, they were entitled to recover in this action. Leader v. Moxton, 3 Wils. 461; Meredith's Case, 4 Term R. 794.

KILTY, Chief Judge. 1. The corporation have by law a right to pave the streets, and of course to raise or lower particular parts of any street, if such raising or lowering should be necessary for performing the work in a reasonable and proper manner; and the individuals who may be injured by it, have no right of action for such injury, unless expressly given by act of assembly. But, if a wanton and unnecessary injury is done, an action may be sustained. 2. The corporation, if liable at all, are answerable for the conduct of their commissioner if he was acting under their authority, and was engaged in the work in which they employed him, when the injury, if any, was done, although he may have acted without their

orders, or contrary to them. But if he committed an injury unconnected with the business in which he was employed, his being in the employ of the corporation will not make them liable. The jury having found a verdict for one cent damages, a question was made whether that would carry the costs in an action upon the case for injury done by raising the level of the street. The authorities cited were, Rev. Code Va. p. 116, § 17, and the English statutes of 22 & 23 Car. II., and 8 & 9 W. & M.

Mr. Simms, for plaintiffs. The act of assembly has copied the English statutes, and the decisions in Virginia have been similar to those in England, and have confined the meaning of the act to actions of trespass, quare clausum fregit, although the words of the statutes, and of the act, are, "and all other actions personal."

THE COURT allowed full costs.

[In Case No. 6,666 an objection to certain evidence was overruled.]

HOOE (MILLER v.). See Case No. 9,573.

## Case No. 6,668.

### HOOE v. REES.

[Cited in Hellrigle v. Dulany, Case No. 6,343. Nowhere reported; opinion not now accessible.]

HOOE (UNITED STATES v.). See Case No. 15,386.

## Case No. 6,669.

### HOOF v. LADD.

[1 Cranch, C. C. 167.] [1]

Circuit Court, District of Columbia. June Term, 1804.

LANDLORD AND TENANT—TERM — HOLDING OVER.

If a tenant who has occupied and paid rent annually, holds over into a new year, it is evidence of a new demise for a year.

Debt for rent—demise for one year.

THE COURT was of opinion that although no special agreement was made about the rent, yet if the defendant had occupied and paid rent annually; and had continued into a second year, it was evidence of a new demise for one year. So if he had paid rent monthly, it would be a demise for a month, &c.

HOOFF (FARMERS' BANK v.). See Case No. 4,659.

## Case No. 6,670.

### HOOFF v. HERBERT.

[Cited in Smith v. Stoops, Case No. 13,110. Nowhere reported; opinion not now accessible.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]